```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

United States of America

    v.                                  Case No. 2:12-cr-263-3

Deshawn L. Black

OPINION AND ORDER

Defendant was convicted following his plea of guilty to one count of conspiracy to distribute over five kilograms of cocaine in violation of 21 U.S.C. §846. By judgment entered on July 23, 2013, defendant was sentenced to a term of incarceration of 120 months. On April 30, 2020, the court received a letter from the defendant which has been placed on the docket as a motion. Defendant first requested a recommendation to the Bureau of Prisons ("BOP") that he receive nine or ten months of residential re-entry center ("RRC") placement or that he be permitted to serve the remainder of his sentence on home confinement. He noted that he was recently denied early release on home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") because of an incident report he incurred within the past year. He then asks the court to grant him nine to ten months of RRC placement or home confinement, citing the COVID-19 epidemic. The government has filed a response in opposition to the motion.

Under 18 U.S.C. §3621(b), the BOP has the sole authority to determine the place of a defendant's confinement. Under 18 U.S.C. §3624(c)(1) and (2), the BOP has the authority to permit a defendant to serve the end of a term of incarceration in a community correctional facility or residential reentry center ("RRC"), such as a halfway house, for a period not to exceed twelve months, or to place a defendant on home confinement for the shorter of ten percent

of the term of imprisonment or six months. The BOP's authority to place a defendant on home confinement was expanded under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), §12003(b)(2), which provides:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the Director of the Bureau [of Prisons] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act, Pub.L. 116-136, Div. B., Title II, §12003(b)(2). On April 2, 2020, the Attorney General declared that because of COVID-19, emergency conditions are materially affecting the functioning of the BOP, so the BOP director now has authority to grant home confinement to a larger group of prisoners. See United States v. Read-Forbes, No. 12-20099-01-KHV, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020).

The BOP has the sole authority to decide whether home confinement under the CARES Act is appropriate. See United States v. Daniels, No. 4:08-CR-0464-SLB, 2020 WL 1938973 at *1-2 (N.D. Ala. Apr. 22, 2020)(only the BOP has the authority to place a defendant on home confinement under the CARES Act); Read-Forbes, 2020 WL 1888856 at *5 (district court does not have the authority to dictate home confinement placements to the BOP under the CARES Act); United States v. Serfass, No. 3:15-39, 2020 WL 1874126, at *3 (M.D. Pa. Apr. 15, 2020)(the determination of which inmates qualify for home confinement under the CARES Act is for the BOP director). Defendant states that the BOP denied him this expanded CARES Act

placement on home confinement due to an incident report. This court has no authority to override that decision or to order the BOP to place defendant on home confinement under the CARES Act.

Likewise, the decision whether to permit a defendant to serve the end of a term of incarceration in an RRC or on home confinement under §3624(c)(1) and (2) is within the discretion of the Bureau of Prisons. See, e.g., Sacora v. Thomas, 628 F.3d 1059, 1066 (9th Cir. 2010); Fournier v. Zickefoose, 620 F.Supp.2d 313, 318 (D.Conn. 2009). This court does have the authority to recommend to the BOP that the defendant be permitted to serve the end of his sentence in an RRC or on home confinement. However, the Bureau of Prisons is more familiar with defendant's conduct while incarcerated and has the necessary expertise to decide whether placement in a halfway house or on home confinement is appropriate and feasible in defendant's case. Therefore, the court declines to order defendant's placement in a halfway house or on home confinement or to make a recommendation to the Bureau of Prisons concerning such placement.

To the extent that defendant's filing is construed as a motion to reduce his sentence to permit his immediate release with a condition of home confinement, the court notes that under 18 U.S.C. §3582(c), a court may not modify a term of imprisonment once it has been imposed unless certain exceptions apply. Although defendant did not specifically request compassionate release under 18 U.S.C. §3582(c)(1)(A)(i), he noted the risk posed by COVID-19 and the fact that his two children are now in the care of his mother. However, before a defendant can file a motion for a reduction in sentence for "extraordinary and compelling reasons" under §3582(c)(1)(A)(i), the

defendant must first ask the warden to file a motion for a reduction on his behalf. If that request is denied by the warden within thirty days, defendant must exhaust all administrative appeals before filing a motion in district court. If, on the other hand, the defendant presents his request to the warden and receives no response within thirty days, he may then file a motion in the district court. See Daniels, 2020 WL 1938973, at *2-3; Guzman v. United States, No. 2:10-CR-161, 2019 WL 1966106, at *2 (E.D.Tenn. May 2, 2019).

Defendant claims that because he was recently denied early release on home confinement under the CARES Act, it would be futile for him to exhaust all of his administrative remedies. However, defendant does not allege that he submitted a request to the warden for release due to extraordinary and compelling reasons under §3582(c)(1)(A)(i), a completely different statutory provision. The exhaustion requirement contained in §3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic. See, e.g., United States v. Raia, ___ F.3d ___, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); United States v. Dickson, No. 1:19-cr-251-17, 2020 WL 1904058, at *2-3 (N.D. Ohio Apr. 17, 2020); United States v. Alam, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020). See also Ross v. Blake, 136 S. Ct. 1850, 1857 (2016)(mandatory language of Prison Litigation Reform Act's exhaustion requirement could not be excused, even based on special circumstances). Because defendant has not shown that he exhausted his prison administrative remedies, this court has no authority to consider his request for a reduction in sentence under §3582(c)(1)(A)(i).

For the foregoing reasons, defendant's motion requesting that he be released on RRC placement or home confinement is denied. Insofar as defendant is requesting early release under §3582(c)(1)(A)(i) based on extraordinary and compelling reasons, the motion is denied without prejudice due to defendant's failure to exhaust his administrative remedies.

Date: May 7, 2020                           S/James L. Graham
                                            James L. Graham
                                            United States District Judge