IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                                   Case No. 2:12-cr-263-3

Deshawn L. Black

<u>OPINION AND ORDER</u>

      Defendant was convicted following his plea of guilty to one count of conspiracy to distribute over five kilograms of cocaine in violation of 21 U.S.C. §846. By judgment entered on July 23, 2013, defendant was sentenced to a term of incarceration of 120 months. On April 30, 2020, the court received a letter from the defendant which the court addressed as a motion. Defendant requested a recommendation to the Bureau of Prisons ("BOP") that he receive nine or ten months of residential re-entry center ("RRC") placement or that he be permitted to serve the remainder of his sentence on home confinement. He noted that he was recently denied early release on home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub.L. 116-136, Div. B., Title II, §12003(b)(2), because of an incident report he incurred within the past year. He also asked the court to grant him nine to ten months of RRC placement or home confinement, citing the COVID-19 epidemic.

      In an order dated May 7, 2020, the court noted that under 18 U.S.C. §3621(b), the BOP has the sole authority to determine the place of a defendant's confinement, as well as the sole authority to decide whether early placement on home confinement, as sanctioned under the CARES Act, is appropriate. Doc. 127. This court concluded that the decision whether to permit a defendant to serve the end of a term of incarceration in an RRC or on home confinement under 18 U.S.C. §3624(c)(1) and (2) is within the discretion of the

Bureau of Prisons, and declined to order defendant's placement in a halfway house or on home confinement or to make a recommendation to the Bureau of Prisons concerning such placement.  The court also observed that to the extent that defendant's motion could be construed as one requesting compassionate release under 18 U.S.C. §3582(c)(1)(A)(i), defendant had not shown that he had exhausted his administrative remedies as required under that section.

On May 21, 2020, defendant filed a motion styled as one for compassionate release under §3582(c)(1)(A)(i).  Defendant stated that he has participated in educational programs while incarcerated, that he has served over seventy percent of his sentence, and that he has a solid release plan and the support of family members.  He does not allege that he has exhausted his administrative remedies as required under 18 U.S.C.  §3582(c)(1)(A).  Rather, he has submitted a copy of his request to the warden for release on home confinement under the CARES Act.  Doc. 128, p. 7.  He again argues that because he was recently denied early release on home confinement under the CARES Act, it would be futile for him to exhaust all of his administrative remedies.  However, defendant has not shown that he submitted a request to the warden for release due to extraordinary and compelling reasons under §3582(c)(1)(A)(i), a completely different statutory provision.

The exhaustion requirement contained in §3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic.  See, e.g., United States v. Raia, ___ F.3d ___, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); United States v. Dickson, No. 1:19-cr-251-17, 2020 WL 1904058, at *2-3 (N.D. Ohio Apr. 17, 2020); United States v. Alam, No. 15-20351, 2020

WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020). See also Ross v. Blake, 136 S. Ct. 1850, 1857 (2016)(mandatory language of Prison Litigation Reform Act's exhaustion requirement could not be excused, even based on special circumstances). Because defendant has not shown that he exhausted his prison administrative remedies, this court has no authority to consider his request for a reduction in sentence under §3582(c)(1)(A)(i).

For the foregoing reasons, defendant's motion for a reduction of sentence §3582(c)(1)(A)(i) is denied without prejudice due to defendant's failure to exhaust his administrative remedies.

Date: May 27, 2020         S/James L. Graham
                           James L. Graham
                           United States District Judge